Kenneth R. Mentzer et al., Appellants *v.* Board of Commissioners of Huntingdon County, Board of Assessment Appeals of Huntingdon County and Jack H. Hohman, Appellees.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Newton C. Taylor*, with him *Robert B. Stewart*, III, for appellants.

*A. Lynn Corcelius*, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 18, 1979:

This is a class action in equity wherein appellants sought injunctive relief against the appellees to require appellees to comply with the applicable statutory law in reappraising the real estate in the county and to have the reassessments of the appellants and all other members of the class declared null and void. This action was commenced on October 21, 1977, and preliminary objections were filed November 10, 1977. After oral argument and briefs filed, the Court of Common Pleas on March 17, 1978 dismissed the complaint on the grounds that appellants had an adequate statutory remedy under The Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.101 et seq. Judge TERRIZZI's able opinion pointed out that while the statutory procedure did not provide for a class action appeal, "class status or the lack of it is irrelevant to the question of whether an action is to be heard in equity or at law, or whether, indeed, either form is available in light of the statutory remedy." Appellants agree in their brief that Judge TERRIZZI's March 17, 1978 opinion, filed in the Civil Division-Equity of the Court of Common Pleas of Huntingdon County, No. 77-1689, accurately states the law as it existed at that time.

Appellants rest this appeal on the proposition that the Act of April 28, 1978, P.L.    , No. 49, 72 P.S. §5453.701(b), amending Section 701(b) of the Law provides:

For the purpose of assessment appeals under this act, the term 'person' shall include, in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment.

This amendment became effective on April 28, 1978 and expressly applied to pending actions. Inasmuch as appellants had filed their appeal notice in the Common Pleas Court on April 11, 1978 their action was pending.

We do not see that this amendment improves appellants' position in this class action in equity. The amendment plainly limits its effect "[f]or purpose of assessment appeals under this act. . . ." (Emphasis supplied.) We do not understand appellants' position that such an interpretation is absurd. It is not an interpretation, it is the plain meaning of the language. Indeed, the purpose for so limiting its application is apparent. The members of the class must each take the preliminary steps provided in the Law to be eligible to appeal, but may have the benefit of a class action in pursuing the appeal, thus expediting the disposition of many appeals and limiting the expense. To have amended the Law to permit class actions in law or equity, outside the appeal process provided by the Law, is quite a different thing.

Accordingly, we will enter the following

ORDER

AND Now, April 18, 1979, the order of the Court of Common Pleas of Huntingdon County, No. 77-1689 In Equity, dated March 17, 1978 sustaining the pre-

liminary objections in the above matter and dismissing the complaint is affirmed.